<div style="text-align:right">

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN POSEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No.  23-cv-02626-JSC<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 16, 24 |

　　　　Plaintiffs Justin Posey and Adriana Herrera-Posey (Parent Plaintiffs) sue Defendants for claims arising from abuse suffered by their minor daughter, Student A, under Defendants' supervision.  (Dkt. No. 9.)[1]  Defendants move to dismiss claims and strike immaterial statements from Plaintiffs' First Amended Complaint.  (Dkt. Nos. 16, 24.)  Having carefully considered the briefing, and with the benefit of oral argument on November 30, 2023, the Court GRANTS IN PART AND DENIES IN PART Defendants' motions to dismiss and DENIES Defendants' motion to strike immaterial statements.  Student A's Title VI claim against the School District is plausibly pled; all other claims are dismissed.

<div style="text-align:center"><strong>DISCUSSION</strong></div>

　　　　For Plaintiffs' challenged claims to survive, the complaint's factual allegations must raise a plausible right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).  Though the Court must accept the complaint's factual allegations as true, conclusory assertions are insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

<div style="writing-mode:vertical-rl">United States District Court<br>Northern District of California</div>

liable for the misconduct alleged.  *Id.*

**A.  Count Five: Unruh Civil Rights Act**

California's Unruh Civil Rights Act entitles all persons "to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  Plaintiffs fail to state a claim for violation of the Unruh Civil Rights Act against any Defendant because schools are not "business establishments."  *Brennon B. v. Superior Ct.*, 13 Cal. 5th 662, 684 (2022), *reh'g denied* (Aug. 31, 2022); *id.* at 681 ("[T]he Unruh Civil Rights Act does not reach public school districts engaged in the provision of a free and public education to students.").  Nor are individual school employees.  Accordingly, count five is DISMISSED without leave to amend.  *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

**B.  Count Six: Breach of Fiduciary Duty**

"The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach."  *Ash v. N. Am. Title Co.*, 223 Cal. App. 4th 1258, 1276 (2014) (cleaned up).  Plaintiffs do not cite, and the Court has not found, any authority holding a fiduciary relationship exists between a school district and an individual student in California.  *See C.A. v. William S. Hart Union High Sch. Dist.*, 117 Cal. Rptr. 3d 283, 292 (Ct. App. 2010), *review granted and opinion superseded*, 247 P.3d 547 (Cal. 2011), *and rev'd on other grounds*, 53 Cal. 4th 861, 270 P.3d 699 (2012). Accordingly, count six is DISMISSED without leave to amend.  *Yagman*, 852 F.3d at 863.

**C.  Count Three: Violation of Title VI**

Plaintiffs' third claim alleges the School District violated Title VI, 42 U.S.C. § 2000, et seq.  Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000(d).  "[A] school district violates Title VI when (1) there is a racially hostile environment; (2) the district had notice of the problem; and (3) it "failed to respond adequately to redress the racially hostile environment."  *Monteiro v. Tempe Union High*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Sch. Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998).  A "racially hostile environment" is one in which

2  racial harassment is "severe, pervasive or persistent so as to interfere with or limit the ability of an

3  individual to participate in or benefit from the services, activities or privileges provided by the

4  recipient."  *Id*.  A racially hostile environment can be caused by the conduct of peers.  *Id*.

5        As a threshold matter, Parent Plaintiffs cannot bring a Title VI because Parent Plaintiffs are

6  not the intended beneficiaries of public schooling.  *See Smith v. California Bd. of Educ.*, No. CV

7  13-5395 FMO PJW, 2014 WL 5846990, at *4 (C.D. Cal. Nov. 10, 2014).  At oral argument,

8  Plaintiffs conceded they are not aware of any case—anywhere—holding parents of an affected

9  student can bring a Title VI claim.  Accordingly, Parent Plaintiffs' Title VI claim against

10  Defendant School District is DISMISSED without leave to amend.

11        Plaintiffs otherwise plausibly allege the School District violated Title VI as to Student A.

12  Plaintiffs allege Student B physically and verbally abused Student A at school based on her race

13  (Dkt. No. 9 ¶¶ 20, 39), the School District had notice of the problem (*Id*. ¶¶ 21, 22, 26), and the

14  School District still failed to adequately redress the situation such that Student A withdrew from

15  Ulloa Elementary School.  (*Id*. ¶¶ 38, 39.)  Indeed, the School District was found by its Office of

16  Equity to have failed to adequately and timely respond to Student B's bullying behavior of Student

17  A and Student A was bullied based in part on her race.  (*Id*. ¶ 39.)  Accordingly, Defendant School

18  District's motion to dismiss this count is DENIED.

19  **D.  Count One: Section 1983—Violation of Substantive Due Process**

20        **a.  Defendant School District**

21        The Eleventh Amendment immunizes state agencies from federal court suits for private

22  damages and injunctive relief.  *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir.

23  2017).  A California school district is an arm of the state which "enjoy[s] Eleventh Amendment

24  immunity."  *Id*. at 934.  Accordingly, count one against Defendant School District is DISMISSED

25  without prejudice, but without leave to amend.  *Yagman*, 852 F.3d at 863.

26        **b.  Individual Defendants**

27        Plaintiffs accuse Individual Defendants of violating their substantive due process rights by

28  "concealing information regarding the physical and emotional trauma inflicted on" Student A,

"caus[ing] or [being] deliberately indifferent to the abusive conditions" at Ulloa Elementary School, and "misle[ading] or fail[ing] to inform [Parent Plaintiffs] as to the cause of severe behavioral changes" in Student A.  (Dkt. No. 9 ¶ 50.)

"The Fourteenth Amendment's mandate that no State shall deprive any person of life, liberty, or property, without due process of law confers both procedural and substantive rights." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (cleaned up).  Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id*.  However, the "Due Process Clause does not impose an affirmative obligation on the State to protect a person's life, liberty, or property; it acts as a limitation on the State's power to act rather than a guarantee of certain minimal levels of safety and security." *Id*. at 925-26.  So, the Due Process Clause "typically does not impose a duty [on the state] to protect individuals from third parties."  *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (cleaned up).  But there are two exceptions to this rule:

> (1) when a "special relationship" exists between the plaintiff and the state (the special-relationship exception), and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the state-created danger exception).  If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim.

*Id*. at 971-72.

Plaintiffs allege both exceptions.  (Dkt. No. 9 ¶¶ 47-53.)  However, "the special-relationship exception does not apply when a state fails to protect a person who is not in custody," and "compulsory school attendance and *in loco parentis* status do not create custody."  *Patel*, 648 F.3d at 972-73 (cleaned up).  Thus, Plaintiffs may state substantive due process claims against Defendants only if Plaintiffs allege facts plausibly supporting an inference the state-created danger exception applies*. Id*. at 972.

To state a substantive due process claim under the state-created-danger doctrine, a plaintiff must satisfy two requirements.  First, a plaintiff must plausibly allege "affirmative conduct on the part of the state," exposed her to "an actual, particularized danger that [she] would not otherwise have faced."  *Polanco*, 76 F.4th at 926.  Second, a plaintiff must allege the state official acted with

"deliberate indifference" to that "known or obvious danger." *Id.*  As to the first requirement, Plaintiffs must allege facts supporting an inference each Defendant put Student A in a "worse position than [she] would have been in had the state not acted at all." *Id.* (cleaned up); *see also id.* (the state must have exposed the plaintiff to a danger she "would not have otherwise faced"); *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) (same).

Plaintiffs allege Defendant Fong affirmatively acted by failing to investigate Student B's bullying of Student A despite her assurances to Plaintiffs, (Dkt. No. 9 ¶¶ 23, 49), "thereby exposing [Student A] to an actual and particularized danger of additional bullying."  (Dkt. No. 23 at 11.)  But Plaintiffs fail to allege how Defendant Fong's failure to conduct a bullying investigation exposed Student A to a danger she did not already face.  *Polanco*, 76 F.4th at 926; *see also Lamberth v. Clark Cnty. Sch. Dist.*, 698 F. App'x 387, 388 (9th Cir. 2017) (upholding dismissal where the complaint failed to allege the school district "took any steps to expose [the student] to a danger she did not already face.").  Plaintiffs do not allege facts plausibly supporting an inference Defendant Fong's failure to investigate despite her affirmative promise to do so put Student A in a worse position than Student A would have been in had Defendant Fong not affirmatively promised to investigate.

The same reasoning applies to each of the other Individual Defendants.  The complaint does not allege facts to support a plausible inference each Defendant engaged in an affirmative act that exposed Student A to a danger she would not have otherwise faced.  Accordingly, count one of Plaintiffs' complaint is DISMISSED with leave to amend as to Individual Defendants.

**E.  Count Two: Negligence**

Plaintiffs accuse the School District and Individual Defendants of negligence per se, res ipsa loquitur, negligent supervision, negligent hiring/retention, and negligent failure to warn, train, or educate.  (Dkt. No. 9 ¶¶ 54-97.)  To state a claim of negligence against each Defendant, "Plaintiffs must allege facts to support the four elements of negligence: duty, breach, causation, and damages." *Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020).

As an initial matter, Plaintiffs fail to plausibly plead a negligence claim against any Defendant because the complaint engages in group pleading; that is, the negligence count

United States District Court
Northern District of California

1    indiscriminately alleges all Defendants are liable under all alleged negligence theories.  This

2    approach makes no sense.  For example, Plaintiffs allege a theory of negligent hiring/retention

3    against all Defendants.  (Dkt. No. 9 ¶¶ 86-93.)  They allege Defendants owed Plaintiffs a duty not

4    to hire and retain Defendant Fong.  (*Id.* ¶ 86.)  What facts support a plausible inference Defendant

5    Fong was negligent in hiring and retaining herself?  Such an inference is obviously implausible.

6    Similarly, how were Defendants Jew, Jiang, Fudym, and Lawrence-Wong responsible for

7    hiring/retaining Defendant Fong?  Plaintiffs must allege facts supporting a plausible inference

8    *each* Defendant engaged in negligent conduct.  Indiscriminately alleging "Defendants" did things

9    does not satisfy the pleading burden.  The negligence claim is therefore DISMISSED with leave to

10   amend.  Given the indiscriminate pleading, the Court declines to rule on Defendants' immunity-

11   based arguments.

12        Defendants argue Parent Plaintiffs cannot bring a negligence claim because neither the

13   School District nor the school employees owed Parent Plaintiffs a duty of care.  "California courts

14   have found that a school owes a duty of care not only to an attending student, but to the student's

15   parents under certain circumstances."  *Saar v. Oakland Unified Sch. Dist.*, No. 21-CV-01690-

16   KAW, 2021 WL 9758808, at *3 (N.D. Cal. May 24, 2021).  Parents can bring claims as direct

17   victims of a school's negligent acts or failure to act if the school preempted or usurped "the

18   parental prerogative to take measures to protect the child" by making a conscious decision not to

19   inform parents of a known danger.  *Steven F. v. Anaheim Union High Sch. Dist.*, 112 Cal. App. 4th

20   904, 915 (2003), *as modified on denial of reh'g* (Oct. 22, 2003); *Phyllis v. Superior Ct.*, 183 Cal.

21   App. 3d 1193, 1197 (Ct. App. 1986) (ruling school owed a parent a duty of care where school

22   deliberately withheld information it should have foreseen would cause the parent injury).

23   Accordingly, all Plaintiffs are granted leave to amend the negligence claim.

24   **F.  Count Four: Intentional Infliction of Emotional Distress**

25        The elements of a prima facie case of intentional infliction of emotional distress are "(1)

26   extreme and outrageous conduct by the defendant with the intention of causing, or reckless

27   disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

28   extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

United States District Court
Northern District of California

1    defendant's outrageous conduct." *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991).  "A

2    defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually

3    tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (cleaned

4    up).  Plaintiffs must plausibly plead Defendants' conduct was intended to inflict injury or engaged

5    in with the realization injury will result.  *Id.* at 1051.  "Whether treated as an element of the prima

6    facie case or as a matter of defense, it must also appear that the defendants' conduct was

7    unprivileged." *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 394 (Ct. App. 1970).

8         Defendants move to dismiss on the grounds Plaintiffs have not alleged facts plausibly

9    supporting an inference each Defendant engaged in outrageous conduct causing any Plaintiff

10   emotional distress.  Plaintiffs respond by grouping all Defendants together.  They argue:

11   "Defendants had a duty to stop the harassment [by Student B] but failed to do so." (Dkt. No. 30 at

12   27.)  Which Defendant?  Based on what facts?  For example, the only facts alleged as to

13   Defendant Lawrence-Wong are "Defendants" allowed Student A "to spend her lunch and recess

14   playing with Lawrence-Wong, a male social worker, in his office with no other children or staff

15   present to avoid her bully." (Dkt. No. 9 ¶ 28.)  No other factual allegations are made as to

16   Defendant Lawrence-Wong.  What was outrageous about what he did?  How did he intend to

17   inflict harm on Student A or Parent Plaintiffs?

18        The Court is not going to parse through the complaint to see if it can cobble together

19   factual allegations as to each Defendant to plausibly support an inference of liability for

20   intentional infliction of emotional distress (or any other claim).  Plaintiffs chose to file in federal

21   court.  Plaintiffs must comply with federal pleading standards and, as to *each Defendant*, allege

22   facts plausibly supporting an inference a specific Defendant is liable for the alleged violation.  *See*

23   *Ashcroft*, 556 U.S. at 678.  Plaintiffs may not be able to state every claim against every Defendant

24   as each Defendant engaged in different conduct.

25        Plaintiffs also fail to distinguish the intentional infliction of emotional distress claims

26   brought on behalf of Student A from those brought by Parent Plaintiffs.  How did certain conduct

27   cause Student A emotional distress?  How did it separately cause Parent Plaintiffs' emotional

28   distress?  For example, they allege teacher Defendant Fudym assigned Student A to clean

1    classrooms during recess, but not her bully, Student B.  (Dkt. No. 9 ¶ 30.)  What facts from this

2    lone allegation plausibly support a claim of intentional infliction of emotional distress by Parent

3    Plaintiffs against Defendant Fudym?

4        Accordingly, count four of Plaintiffs' complaint is DISMISSED with leave to amend as to

5    all Defendants.  Again, given the indiscriminate pleading, the Court declines to address

6    Defendants' immunity-based arguments.

7    **G. Government Claims Act**

8        Defendant Fong argues Plaintiffs' claims should be dismissed for failure to comply with

9    the California Government Claims Act.  To sue Defendant Fong for acts or omissions committed

10   in the scope of her employment with the School District, Plaintiffs must timely file a claim against

11   the School District pursuant to the California Government Claims Act.  *S.M. v. Los Angeles*

12   *Unified Sch. Dist.*, 184 Cal. App. 4th 712, 717 (2010) ("Under the Tort Claims Act, a person may

13   not sue a public entity for personal injury unless he or she first presents a written claim to the

14   entity within six months of the time her cause of action accrues, and the entity then denies the

15   claim."); *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (Ct. App. 1991) ("[O]ne who sues a

16   public employee on the basis of acts or omissions in the scope of the defendant's employment

17   [must] have filed a claim against the public-entity employer pursuant to the procedure for claims

18   against public entities.")  The claim must include "[a] general description of the indebtedness,

19   obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of

20   the claim."  Cal. Gov't Code § 910.

21       Courts employ a test of substantial compliance to determine whether a plaintiff has met

22   California's claim presentation requirements.  *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal.

23   App. 3d 692, 697 (Ct. App. 1990), *modified* (Feb. 20, 1990).  Plaintiffs' claim "need not specify

24   each particular act or omission later proven to have caused the injury."  *Stockett v. Ass'n of Cal.*

25   *Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004).  Plaintiffs' claim is

26   sufficient so long as the complaint is "based on the same factual foundation."  *Id.* at 449.

27   Generally, complaints are barred for failure to comply with claim presentation requirements only

28   where there has been a "complete shift in allegations, usually involving an effort to premise civil

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1  liability on acts or omissions committed at different times or by different persons than those

2  described in the claim." *Id*. at 447.

3        Plaintiffs allege compliance with California's claim presentation requirements.  (Dkt. No.

4  9 ¶ 41.)  Defendant Fong challenges Plaintiffs' compliance on the grounds "Plaintiffs' claims did

5  not present a 'general description' of facts supporting their novel legal theories."  (Dkt. No. 27 at

6  20.)  The California Government Claims Act does not require Plaintiffs to list the legal theories

7  they intend to bring against Defendant Fong before filing a complaint.  Instead, "the facts

8  underlying each cause of action in the complaint must have been fairly reflected in a timely

9  claim." *Stockett*, 34 Cal. 4th at 447.

10        The claim forms Plaintiff submitted on October 20, 2022, explained, "[o]ver the course of

11  the 2021-2022 school year 7 year old [Student A] was subjected to extreme and outrageous

12  bullying, including being called the N-word, Naked Prune, slapped, spanked, and assaulted."

13  (Dkt. No. 20-1 at 2-4.)  Plaintiffs continued, "[a]fter notifying school officials including former

14  Principal Carol Fong, [Student A's] parents['] concerns were dismissed, ultimately resulting in

15  [Student A] cleaning during her recesses in 5/2022." *Id*.  These same facts underlie Plaintiffs'

16  complaint against Defendant Fong and provide sufficient information to enable adequate

17  investigation into Plaintiffs' claims.  *Stockett*, 34 Cal. 4th at 446 ("The purpose of these statutes is

18  to provide the public entity sufficient information to enable it to adequately investigate claims and

19  to settle them, if appropriate, without the expense of litigation." (cleaned up)).  Thus, Plaintiffs

20  substantially complied with California's claim presentation requirements.  Accordingly, Defendant

21  Fong's motion to dismiss on this basis is DENIED.

22      **H.  Parent Plaintiffs' Article III Standing**

23        Defendants seek dismissal of Parent Plaintiffs' claims for lack of Article III standing,

24  arguing "Parent Plaintiffs have failed to allege they suffered 'injury in fact' to survive Article III

25  scrutiny."  (Dkt. No. 24 at 29.)  Article III of the United States Constitution "confines the federal

26  judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141

27  S. Ct. 2190, 2203, (2021).  "For there to be a case or controversy under Article III, the plaintiff

28  must have a 'personal stake' in the case—in other words, standing." *Id*. (cleaned up).  Plaintiffs

1    bear the burden of establishing Article III standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

2    560 (1992) ("A party invoking federal jurisdiction has the burden of establishing that it has

3    satisfied the 'case-or-controversy' requirement of Article III of the Constitution [and] standing is a

4    'core component' of that requirement.").

5        The standing analysis considers whether the petitioner has demonstrated "(i) that he

6    suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury

7    was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial

8    relief." *TransUnion*, 141 S. Ct. at 2203.  Injury in fact is "an invasion of a legally protected

9    interest" that is (1) "concrete," (2) "particularized," and (3) "actual or imminent, not conjectural or

10   hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (cleaned up).  A concrete injury

11   may be financial or non-financial, tangible or intangible, but it must be "real, and not abstract"; "it

12   must actually exist." *TransUnion*, 141 S. Ct. at 2204; *Spokeo*, 578 U.S. at 340, 352.

13       Where a school district or its employees affirmatively act to prevent a parent from having

14   information necessary to make informed decisions about their child's safety, the parent has

15   standing to bring their own claims.  *See Saar v. Oakland Unified Sch. Dist.*, No. 21-CV-01690-

16   KAW, 2021 WL 9758808, at *4 (N.D. Cal. May 24, 2021) (finding parent plaintiffs had Article III

17   standing where Defendant School District "allegedly misrepresented that there was staff dedicated

18   to ensuring student safety.").  Plaintiffs allege they had to withdraw Student A from school

19   because it had become a racially hostile environment.  (Dkt. No. 9 ¶¶ 38, 100.)  Accepting

20   Plaintiffs' allegations as true, Defendants' mishandling of the reported bullying interfered with

21   Parent Plaintiffs' ability to make decisions about Student A's safety, (*Id*. ¶ 50), and ultimately

22   forced Parent Plaintiffs to remove Student A from school.  (*Id*. ¶¶ 38, 100.)  Accordingly, Parent

23   Plaintiffs have adequately alleged an injury-in-fact to establish Article III standing to pursue their

24   own claims.

25                                  **CONCLUSION**

26       Student A's Title VI claim against the School District is plausibly pled; all other claims are

27   dismissed as follows:

28   •  Parent Plaintiffs' Title VI claim against Defendant School District is DISMISSED without

United States District Court
Northern District of California

10

leave to amend.

- Plaintiffs' counts five and six are DISMISSED without leave to amend.

- Plaintiffs' count one against Defendant School District is DISMISSED without prejudice, but without leave to amend.

- Plaintiffs' counts one against Individual Defendants, and two and four against all Defendants, are DISMISSED with leave to amend.

Plaintiffs may file an amended complaint by **January 3, 2024**.

The Court DENIES Defendants' 12(f) motion to strike immaterial statements from Plaintiffs' complaint because Defendants fail to demonstrate the challenged statements are immaterial to Plaintiffs' claims.  In particular, Defendants have failed to demonstrate the challenged statements are immaterial to Plaintiffs' claim of a racially hostile environment.

This Order disposes of Docket Nos. 16 and 24.

**IT IS SO ORDERED.**

Dated: December 4, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

11